No. 9901.

## SMALL v. SMITH.

ACCOUNT.—*Evidence.*—*New Trial.*—*Supreme Court.*—In a suit upon an open account for an alleged indebtedness, evidence in relation to the amount and value of the defendant's property is irrelevant and incompetent, and, if admitted and assigned as cause for a new trial, the Supreme Court will reverse the judgment for error in its admission.

From the Henry Circuit Court.

*L. P. Newby, J. Brown* and *W. A. Brown,* for appellant.

HOWK, J.—The appellee sued the appellant on an open account, before a justice of the peace of Henry county. The trial of the cause by the justice resulted in a finding and judgment for the appellant. On the appellee's appeal to the circuit court of the county the cause was there tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $165, and judgment was rendered on the verdict. Afterwards, at the same term of the court, the appellant's motion for a new trial was overruled, and to this ruling he excepted, and appealed from the judgment rendered to this court.

The only error assigned here by the appellant is the overruling of his motion for a new trial. The only cause for such

new trial, relied upon in argument by the appellant's counsel for the reversal of the judgment below, was the admission of irrelevant and immaterial evidence. The appellee was a physician, and the suit was brought to recover an account for medical services rendered by him for his attendance upon one Ida Small while sick with typhoid fever. The evidence tended to prove that Ida Small, the appellant's daughter, was and had been of full and lawful age, and had been working away from her father's house on her own account for some years prior to her sickness, during which the appellee was her physician and rendered the services for the value of which he sued the appellant. Ida was at her father's house during her sickness, and during the time the appellee so attended upon her as a physician; but there was no evidence of any direct employment of the appellee by the appellant to attend upon his daughter. There was no conflict in the evidence in regard to Ida's sickness or the appellee's attendance upon her, or the value of his services. The only point in dispute was in relation to the appellant's liability for the services rendered for his adult daughter by the appellee.

Over the appellant's objections and exceptions, the court permitted the appellee to prove on the trial, by his own testimony and that of other witnesses, the property owned by the appellant and its probable value. This evidence was, we think, clearly irrelevant and incompetent. The only conceivable purpose for which such evidence was offered was to show the jury that the appellant was able to pay, and, therefore, ought to pay, the appellee's account for his services as a physician in attending upon the adult daughter of the appellant. This was not a proper or legitimate purpose. The question of the appellant's liability to the appellee upon the account in suit did not depend upon, and could not properly be determined by, proof of the property owned by appellant and its probable value. The appellee has not favored us with any brief or argument in support of the rulings below.

The court erred, we think, in overruling appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.